UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APEX HOSPITALITY GROUP, LLC | CIVIL ACTION |
| VERSUS | NO: 23-2060 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY | SECTION: "H" |

ORDER AND REASONS

Before the Court is Defendant Independent Specialty Insurance Company's Motion to Compel Arbitration (Doc. 7). For the following reasons, the Motion is **GRANTED**.

BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Plaintiff Alex Hospitality Group, LLC alleges that Defendant Independent Specialty Insurance Company issued a policy of surplus lines insurance ("the Policy") to Plaintiff that covers buildings, properties, and contents located at 6751 Westbank Expressway in Marrero, Louisiana. Plaintiff asserts breach of contract claims and entitlement to bad faith damages under Louisiana Revised Statutes §§ 22:1892 and 22:1973 for Defendant's alleged failure to adequately compensate Plaintiff for its losses covered under the Policy.

1

On April 22, 2023, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson. On June 14, 2023, the case was removed to this Court. Now before this Court is Defendant's Motion to Compel Arbitration and Stay Litigation. Defendant was granted leave to opt out of the Streamlined Settlement Program to file this Motion. Defendant requests that this Court order arbitration and stay Plaintiff's claims pursuant to a valid and enforceable arbitration clause in the Policy. Plaintiff opposes.[1]

## LEGAL STANDARD

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") governs the recognition and enforcement of arbitration agreements between citizens of nations that are signatories to the convention.[2] The United States joined the Convention in 1970, with a goal to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[3] The Convention is implemented by the Federal

---

[1] Doc. 15.
[2] *See* Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1144 (5th Cir. 1985).
[3] Authenment v. Ingram Barge Co., 878 F. Supp. 2d 672, 676 (E.D. La. 2012) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974)); Todd Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 601 F.3d 329, 332 n.4 (5th Cir. 2010). Where applicable, the Convention supersedes state law. *See* McDonnel Grp., LLC v. Great Lakes Ins. Se., 923 F.3d 427, 431–32 (5th Cir. 2019); Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012).

Arbitration Act (FAA), which provides for enforcement in United States courts.[4]

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry."[5] Courts "should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen."[6] If these four requirements are met, "arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[7]

## LAW AND ANALYSIS

Defendant asserts that the arbitration clause at issue is enforceable under the Convention and the FAA. Plaintiff responds that the Convention does not apply to domestic insurers, and even if it did, equitable estoppel does not apply to compel a non-signatory to arbitrate. Further, Plaintiff avers that Louisiana Revised Statutes § 22:868 prohibits enforcement of the arbitration clause in this insurance contract.

The arbitration provision at issue provides in relevant part that:

> All matters in dispute between you and us (referred to in this policy as "the parties") or in relation to this insurance, including this policy's formation and validity, and whether arising during or

---

[4] 9 U.S.C. §§ 201–208.
[5] Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 339 (5th Cir. 2004).
[6] Francisco v. Stolt Achievement MT, 293 F.3d 270, 273 (5th Cir. 2002) (citing *Sedco*, 767 F.2d at 1144–45).
[7] Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC, 379 F.3d 159, 166 (5th Cir. 2004). Thus, the Court must enforce the arbitration clause "unless it finds that the said agreement is null and void, inoperative or incapable of being performed." *Freudensprung*, 379 F.3d at 339 (citing *Sedco*, 767 F.2d at 1146).

>after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.
>. . .
>Any Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.[8]

First, there is a written agreement to arbitrate the dispute contained in the Policy. Second, the provision provides for arbitration in Tennessee, which is within a signatory country.[9] Third, the insurance agreement arises out of a commercial legal relationship—a commercial insurance policy—between Plaintiff and Defendant.[10] The fourth requirement that a party to the agreement is not an American citizen, however, is less clear.

For an agreement to fall under the Convention, at least one party to the arbitration agreement must be a foreign or non-American citizen.[11] Defendant argues that this requirement is met because Underwriters at Lloyd's London ("Lloyd's") is a foreign citizen and a party to the insurance agreement.[12] Plaintiff responds that each individual insurer has a separate contract with the named insured, and therefore, the contract between Plaintiff and Defendant, a domestic insurer, cannot fall under the Convention.

The Court finds that the contracts between Plaintiff and each insurer are indeed separate agreements. The allocation endorsement to the Policy

---

[8] Doc. 1-4 at 37–38.
[9] *Freudensprung*, 379 F.3d at 339.
[10] *See Francisco*, 293 F.3d at 273; 9 U.S.C. § 202 (defining a "commercial legal relationship" as "including a transaction, contract, or agreement described in section 2 of [Title 9]," which includes "a contract evidencing a transaction involving commerce"); Harvey v. Certain Underwriters at Lloyd's, London, No. 22-4049, 2023 WL 4485083 (E.D. La. June 6, 2023).
[11] *Sedco*, 767 F.2d at 1145.
[12] Lloyd's is not a named defendant in this action. Plaintiff specifically notes that it did not sue Lloyd's in this matter "due to the arbitration clause contained within the international insurers' separate policy that is arguably enforceable under international law." Doc. 15 at 2.

4

states that the "contract shall be construed as a separate contract between the Named Insured and each of the Insurers."[13] Moreover, other sections of this Court have considered policies nearly identical to this Policy and found that such agreements represent individual contracts between the plaintiff and each respective insurer.[14] Because Defendant Independent Specialty Insurance Company is a citizen of the United States, this fourth requirement of the Convention is not facially met. Defendant, however, argues that Plaintiff should be equitably estopped from objecting to arbitration against the domestic insurer while participating in parallel arbitration proceedings with the foreign insurer, Lloyd's.

The Fifth Circuit has held that "application of equitable estoppel is warranted when [a] signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignator[ies] and one or more of the signatories to the contract."[15] "Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."[16]

While Plaintiff's state court petition carefully differentiates between Defendant and Lloyd's actions, the Court nevertheless finds that Plaintiff has alleged conduct by Defendant that was necessarily "interdependent and concerted" with Lloyd's.[17] The Court finds the opinion in *Academy of Sacred*

---

[13] Doc. 1-4 at 64.

[14] *See, e.g.*, City of Kenner v. Certain Underwriters at Lloyd's, London, No. 21-2064, 2022 WL 307295 (E.D. La. Feb. 2, 2022) (Barbier, J.); City of Kenner v. Certain Underwriters at Lloyd's London, No. 22-2167, 2022 WL 16961130 (E.D. La. Nov. 16, 2022) (Vance, J.); Acad. of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London, 651 F. Supp. 3d 822 (E.D. La. 2023) (Africk, J.).

[15] Grigson v. Creative Artists Agency LLC, 210 F.3d 524, 527 (5th Cir. 2000) (quoting MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)).

[16] *Id.*

[17] *See City of Kenner*, 2022 WL 307295, at *3.

*Heart of New Orleans v. Certain Underwriters at Lloyd's London* instructive on this point:

> Although the insurance policy states that plaintiff[ ] [has] separate contracts with each insurer, there is one insurance policy document that sets forth the terms and conditions of the coverage on the risk. The operative policy language is identical as to all of the insurers, foreign and domestic.[18]

Here too, there is one insurance policy that sets forth the terms and conditions of coverage, and the operative policy language is identical as to both Independent Specialty Insurance Company and Lloyd's.[19]

Plaintiff further alleges in its state court petition that Defendant and Lloyd's ("the Insurers") delegated claim-handling responsibilities to a single third-party administrator.[20] Thus, Plaintiff's insurance claims were handled by a single entity appointed by the Insurers.[21] While the state court petition facially names and attributes wrongdoing only to Defendant, Plaintiff alleges that its insurance claims were handled by the third-party administrator—acting on behalf of both Defendant and Lloyd's—that allegedly performed a cursory and inadequate investigation of the property covered by the Policy,[22] grossly underreported the value of Plaintiff's claim,[23] and failed to adequately adjust or handle the loss,[24] among other acts.

---

[18] *Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 830 (quoting Port Cargo Servs., LLC v. Certain Underwriters at Lloyd's London, No. 18-6192, 2018 WL 4042874, at *3 (E.D. La. Aug. 24, 2018)).

[19] *See* Doc. 1-4.

[20] Doc. 1-1 at 9. This third-party administrator delegated the claim-handling responsibilities to another third-party administrator named Sedgwick Delegated Authority.

[21] While Plaintiff avers that "each insurer maintained independent authority to adjust and/or pay the Loss individually in proportion to each insurer's" limit under the Policy, Plaintiff makes no suggestion that the insurers independently exercised such authority and were therefore not acting in concert via the third-party administrator.

[22] Doc. 1-1 at 10.

[23] *Id.*

[24] *Id.* at 12.

Importantly, Plaintiff fails to contest that the Insureds acted concertedly or interdependently in handling its claim. Rather, Plaintiff contends that equitable estoppel does not apply because it conflicts with Louisiana law. Accordingly, this Court finds that Plaintiff failed to differentiate purported wrongful conduct by the Insurers and therefore charges them with conduct that was "interdependent and in concert" in connection with their handling of Plaintiff's insurance claims.[25] Equitable estoppel is therefore warranted in this case, and Plaintiff must arbitrate its claims against Defendant, unless this Court finds that application of equitable estoppel conflicts with Louisiana law.

Plaintiff argues that application of equitable estoppel conflicts with Louisiana Revised Statues § 22:868(A). Ordinarily, state law governs a court's inquiry into who is bound by an arbitration agreement, including application of estoppel to expand an arbitration agreement's enforceability beyond its signatories.[26] Under Louisiana law, however, estoppel cannot apply when in conflict with positive written law.[27]

Section 22:868(A) provides in pertinent part that:

> No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer.

---

[25] *See City of Kenner*, 2022 WL 307295, at *3. *See also Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 830; Holts v. TNT Cable Contractors, Inc., No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020) (Feldman, J.).

[26] Newman v. Plains All Am. Pipeline, L.P., 23 F.4th 393, 401 (5th Cir. 2022) (citing Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 632 (2009)).

[27] *See* Palermo Land Co., Inc. v. Planning Comm'n of Calcasieu Par., 561 So. 2d 482, 488 (La. 1990) (citations omitted).

The Louisiana Supreme Court has held that § 22:868(A) prohibits arbitration provisions in insurance contracts.[28] Subsection D of this statute, however, provides that "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."[29] Surplus lines insurers, such as Defendant, are not subject to approval by the Department of Insurance.[30] The Court's next inquiry, therefore, is whether an arbitration clause is a "forum or venue selection clause," thereby precluding application of § 22:868(A) in this case.

In *Carrollton Street Properties, LLC v. Independent Specialty Insurance Company*, this Court held that arbitration clauses are "forum or venue selection clauses" as used in § 22:868(D).[31] For the same reasons as stated in *Carrollton Street Properties*, this Court again holds that arbitration clauses are forum or venue selection clauses, and therefore, application of equitable estoppel is not precluded by Louisiana law. Because Plaintiff has not raised any other defense to Defendant's Motion to Compel Arbitration, this Court finds the Policy's arbitration agreement to be valid and enforceable.

Defendant has asked the Court to stay this matter pending arbitration. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Accordingly, this matter must be stayed pending resolution of the arbitration proceedings.

---

[28] Doucet v. Dental Health Plans Mgmt. Corp., 412 So. 2d 1383, 1384 (La. 1982).
[29] LA. REV. STAT. § 22:868(D).
[30] LA. REV. STAT. § 22:446(A).
[31] Carrollton Street Props., LLC v. Indep. Specialty Ins. Co., No. 23-4701, 2024 WL 404955 (E.D. La. Feb. 2, 2024) (Milazzo, J.). *See also* Ramsey v. Indep. Specialty Ins. Co., No CV 23-0632, 2023 WL 5034646, at *3 (E.D. La. Aug. 8, 2023) (Lemelle, J.); Southland Circle, LLC v. Indep. Specialty Ins. Co., No. CV 23-855, 2023 WL 7688570, at *2 (E.D. La. Nov. 15, 2023) (Vitter, J.); Bourgeois v. Indep. Specialty Ins. Co., No. CV 22-1256, 2023 WL 6644171, at *2 (E.D. La. Oct. 12, 2023) (Lemmon, J.).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. The parties are compelled to arbitrate this dispute in compliance with the terms of the Policy. This matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration.

New Orleans, Louisiana this 23rd day of February, 2024.

**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**