**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**APEX HOSPITALITY**
**GROUP, LLC**                                    **CIVIL ACTION**


**VERSUS**                                        **NO: 23-2060**


**INDEPENDENT SPECIALTY**
**INSURANCE COMPANY**                             **SECTION: "H"**


## ORDER AND REASONS

Before the Court is Plaintiff Apex Hospitality Group, LLC's Motion to
Lift Stay and Vacate Arbitration Order (Doc. 23). For the following reasons,
the Motion is **GRANTED**.


## BACKGROUND

This case arises out of an insurance contract dispute following
Hurricane Ida. Defendant Independent Specialty Insurance Company issued a
policy of surplus lines insurance ("the Policy") to Plaintiff that covers buildings,
properties, and contents located at 6751 Westbank Expressway in Marrero,
Louisiana. Plaintiff asserted breach of contract claims and entitlement to bad
faith damages under Louisiana Revised Statutes §§ 22:1892 and 22:1973 for
Defendant's alleged failure to adequately compensate Plaintiff for its losses

covered under the Policy. Plaintiff did not file suit against its foreign insurer, Underwriters at Lloyd's London ("Lloyd's"), for this alleged damage.[1]

On April 22, 2023, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson. On June 14, 2023, the case was removed to this Court. On July 12, 2023, Defendant filed a Motion to Compel Arbitration and Stay Litigation, arguing that the arbitration clause in its Policy was valid and enforceable under the Convention on the Recognition and Enforcement of Foreign Arbital Awards (the "Convention").[2] Plaintiff opposed the motion, arguing that the Policy did not fall under the Convention because Defendant and Lloyd's each had a separate contract with Plaintiff, and therefore, the contract between Plaintiff and Defendant, a domestic insurer, could not fall under the Convention.[3]

This Court granted Plaintiff's motion and compelled arbitration.[4] Finding that Plaintiff alleged "substantially interdependent and concerted misconduct" by Defendant and Lloyd's, the Court held that Plaintiff could be forced to arbitrate under the Convention through the doctrine of equitable estoppel as articulated by the Fifth Circuit in *Grigson v. Creative Artists Agency LLC*.[5]

---

[1] Plaintiff specifically notes that it did not sue Lloyd's in this matter "due to the arbitration clause contained within the international insurers' separate policy that is arguably enforceable under international law." Doc. 15 at 2.

[2] Doc. 7.

[3] Doc. 15.

[4] Doc. 20.

[5] 210 F.3d 524, 527 (5th Cir. 2000) ("The Fifth Circuit has held that 'application of equitable estoppel is warranted when [a] signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignator[ies] and one or more of the signatories to the contract.' 'Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.'").

Now before this Court is Plaintiff's Motion to Lift Stay and Vacate Arbitration Order. Plaintiff requests that this Court lift the stay and vacate its arbitration order based on an intervening change in law that warrants this outcome. Defendant opposes.[6] The Court held oral argument on Plaintiff's motion on January 16, 2025.

## LEGAL STANDARD

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[7] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration governing final orders.'"[8]

## LAW AND ANALYSIS

Plaintiff requests that this Court reconsider its order compelling arbitration in light of the Louisiana Supreme Court's decision in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, which, it contends, states

---

[6] Doc. 28.

[7] Austin v. Kroger Tex., L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[8] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 F. App'x. 829, 831–32 (4th Cir. 2011)).

that a domestic insurer may not resort to equitable estoppel to enforce arbitration.[9] In response, Defendant argues that *Police Jury* does not constitute an intervening change in the law and that rather, *Bufkin Enterprises, LLC v. Indian Harbor Insurance Co.* is binding Fifth Circuit precedent that governs the arbitration clause in question.

In *Certain Underwriters at Lloyd's London v. Belmont Commons, LLC*, Judge Eldon Fallon, in another section of this Court, recently ordered the lifting of the stay and vacatur of his previous arbitration order based on the same arguments and nearly identical facts as presented here.[10] As such, the Court adopts *Belmont Commons*' analysis, and applies it to the facts presented here. Most importantly, in *Belmont Commons*, Judge Fallon held that "*Police Jury* conclusively establishes that Louisiana Revised Statute § 22:868[sic] invalidates arbitration agreements in insurance contracts"; "domestic insurers [in Louisiana] can no longer be subject to the Convention through equitable estoppel"; and "that whether a plaintiff can be compelled to arbitrate with a domestic insurer based on the plaintiff's arbitration agreement with a foreign insurer is a matter of state law, not federal law."[11] Further, "*Police Jury*. . . represents an intervening change in the controlling law."

As such, the Court finds that reversal of its prior decision compelling Plaintiff to arbitrate its disputes with Defendant is warranted.[12]

---

[9] 2024-00449, p.16 (La. 10/25/24), 395 So. 3d 717, 729, *reh'g denied*, 2024-00449 (La. 12/12/24).
[10] No. 22-3874 c/w 22-3876
[11] *Id.*
[12] *See* Fed. R. Civ. P. 54(b).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Lift Stay and Vacate Arbitration Order is **GRANTED**.


New Orleans, Louisiana this 11th day of February, 2025.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**